IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10345
Summary Calendar
_____

CHARLES A. WATSON,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION; ROBERT LAMBERT, Warden,
John Middleton Unit; JAMES DUKE;
THOMAS J. MEDART, Warden, Price
Daniel Unit; BRIAN HORN, Warden;
WYATT ALLEN HOWELL, M.D.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:97-CV-62
- - - - - - - - - -
January 14, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Charles A. Watson, Texas prisoner # 738898, argues that the district court erred in granting the defendants' motion for summary judgment and dismissing his 42 U.S.C. § 1983 complaint. Watson alleged that he was wrongfully deprived of his personal property, that he was wrongly disciplined for refusing to perform

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

work, and that the defendants acted with deliberate indifference to his serious medical needs.

We have reviewed the record and the briefs of the parties and affirm the dismissal of the property-loss claim and the denial-of-medical-care claim substantially for the reasons given by the district court. See Watson v. Texas Department of Criminal Justice, No. 1:97-CV-62 (N.D. Tex. Feb. 20, 1998).

We have also considered Watson's claim that was not addressed in the district court that he was wrongfully charged with the refusal to work in light of his medical condition. In light of the nature of the penalty imposed following the disciplinary hearing, Watson failed to demonstrate that the charge and punishment, even if improper, resulted in a constitutional violation. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997).

AFFIRMED.